UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>   Plaintiff, )<br>)<br>V. )<br>)<br>MARTEL JAIMES ALANIZ, )<br>)<br>   Defendant. ) | Criminal Action No. 3: 12-04-DCR<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

*** *** *** ***

On January 23, 2013, Defendant Martel Jaimes Alaniz was sentenced to 126 months of imprisonment following his guilty plea to conspiring to possess with the intent to distribute five hundred grams or more of methamphetamine and a related firearm offense in violation of 21 U.S.C. § 846 and 18 U.S.C. § 924(c)(1), respectively. [Record No. 135] Alaniz is currently serving that sentence in McRae Correctional Facility in Georgia. [Record No. 174] He now seeks a reduction of the sentence previously imposed based on recent changes to the United States Sentencing Guidelines. Additionally, Alaniz requests a court-appointed attorney to assist him in pursuing a sentence reduction. [Record No. 174] Having reviewed the motion and all other relevant materials, the Court will deny the requested relief.

As outlined in the Plea Agreement, the defendant admitted his involvement in the methamphetamine conspiracy. [Record No. 130] While conducting a surveillance sweep of a house in Shelbyville, law enforcement officers received permission from Alaniz to enter. During his interaction with law enforcement, Alaniz "stated that everything in the home was his, and that he wanted to take responsibility." [*Id.*, p. 2] He then led officers to a stash of

1.7 kilos of crystal methamphetamine, a gallon of liquid methamphetamine, and several firearms. [*Id.*] Alaniz and his co-conspirators received the crystal meth from Mexico after it was transported to Kentucky on a Greyhound bus. Faced with drug trafficking conspiracy and firearm charges, Alaniz pled guilty. [Record No. 135]

A Presentence Investigation Report ("PSR") was prepared in advance of the sentencing hearing. The probation officer calculated Alaniz's Base Offense Level as being 34. This was reduced by three points for Alaniz's acceptance of responsibility, resulting in a Total Offense Level of 31. [PSR, p. 7] The defendant was assigned Criminal History Category I, resulting in a guideline range of 108 to 135 months. However, the defendant's conduct was subject to a statutory mandatory minimum sentence of 120 months. [PSR, p. 11]

The Sixth Circuit has specifically held that a defendant who is subject to a statutory mandatory minimum may not benefit by an amendment reducing the Drug Quantity Table offense levels, because the statutory mandatory minimum becomes the guideline sentence. *See, e.g., United States v. Kelley*, 570 Fed. App'x. 525, 531 (6th Cir. 2014) ("Accordingly, the amendments at issue do not lower Kelley's applicable guideline range, because the statutory mandatory minimum term of imprisonment trumps his otherwise applicable guideline range."). As a result, at most, Alaniz would be eligible for a 6-month reduction in his sentence. Further, the sentencing Commission's policy statements make it clear that a defendant is not automatically entitled to a sentence reduction merely because he is eligible for one. Rather, the Court must consider the relevant factors set forth in 18 U.S.C. § 3553(a) in determining whether a reduced sentence is warranted.

During Alaniz's sentencing hearing, all relevant § 3553 factors were carefully considered, including the serious nature of the offense, the history and characteristics of the defendant, the detrimental impact such crimes have on the public, and the need for adequate general and specific deterrence to future criminal conduct. Considering these factors again in connection with the defendant's current motion, the Court continues to believe that the sentence imposed is not greater than necessary to meet all the statutory goals and objectives.

Alaniz involved himself in a very serious and significant importation scheme involving large amounts of drugs, smuggled from outside the country into the United States. Such undertakings warrant deterrence for those inclined to participate in similar activity. In light of the § 3553(a) factors and public safety concerns, the Court finds that a sentence reduction is not appropriate. Alaniz's participation in a large-scale drug trafficking operation demonstrates the need for the current sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

The Court has also determined that neither the appointment of counsel nor a hearing on the defendant's motion is necessary. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel."

*Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011).  Instead, the district court has discretion to determine whether appointment of counsel is warranted.  Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

Accordingly, it is hereby

**ORDERED** that Defendant Martel Jaimes Alaniz's motion for a reduction of his sentence under 18 U.S.C. § 3582(c) and appointment of counsel [Record No. 174], is **DENIED**.

This 26th day of March, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge